Justin Cilenti (GC 2321)
Peter H. Cooper (PHC 4714)
CILENTI & COOPER, PLLC
708 Third Avenue – 6th Floor
New York, NY 10017
T. (212) 209-3933
F. (212) 209-7102
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MIGUEL INFANTE, on behalf of himself, and others similarly situated,

                Plaintiff,

-against-

PRINCE BAKERY, INC., dba PRINCE BAKERY, and ANTHONY M. RUSCIANO,

                Defendants.

Case No. 17 Civ. 1564

**COLLECTIVE ACTION COMPLAINT**

ECF Case

---

Plaintiff, Miguel Infante ("Plaintiff"), on behalf of himself and other similarly situated employees, by and through his undersigned attorneys, Cilenti & Cooper, PLLC, files this Complaint against Defendants, Prince Bakery, Inc., dba Prince Bakery, or any business entity doing business as Prince Bakery, located at 2418 Belmont Avenue, Bronx, New York 10458, and Anthony M. Rusciano, individually (collectively, "Defendants"), and states as follows:

### INTRODUCTION

1.     Plaintiff, Miguel Infante, alleges that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), he is entitled to recover from the Defendants: (1) unpaid minimum wages; (2) unpaid overtime compensation; (3) liquidated damages; (4) prejudgment and post-judgment interest; and (5) attorneys' fees and costs.

2. Plaintiff, Miguel Infante, further alleges that, pursuant to the New York Labor Law, he is entitled to recover from the Defendants: (1) unpaid minimum wages; (2) unpaid overtime compensation; (3) unpaid "spread of hours" premiums for each day he worked ten (10) or more hours; (4) liquidated damages and statutory penalties pursuant to the New York Wage Theft Prevention Act; (5) prejudgment and post-judgment interest; and (6) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

5. Plaintiff is an adult resident of Bronx County, New York.

6. Defendant, Prince Bakery, Inc., dba Prince Bakery ("Prince Bakery"), is a business corporation organized and existing under the laws of the State of New York, with a principal place of business at 2418 Belmont Avenue, Bronx, New York 10458.

7. Upon information and belief, Defendant, Anthony M. Rusciano, is the owner, general manager, officer, director and/or managing agent of Prince Bakery, whose address is unknown at this time and who participated in the day-to-day operations of Prince Bakery, and acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 29 U.S.A §203(d) and Regulations promulgated thereunder, 29 C.F.R. §

791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with Prince Bakery.

8. The individual defendant Anthony M. Rusciano exercised control over the terms and conditions of Plaintiff's employment; in that he has and has had the power to: (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work schedules, (iv) supervise and control the work of the employees, and (v) otherwise affect the quality of the employees' employment.

9. Plaintiff, Miguel Infante, was employed by Defendants in Bronx County, New York, to work as a porter, bread packer and general helper, at Defendants' wholesale bakery known as "Prince Bakery" from in or around 2006 through on or about January 27, 2017.

10. At all relevant times, Prince Bakery was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

11. At all relevant times, the work performed by Plaintiff, Miguel Infante, was directly essential to the business operated by Prince Bakery.

12. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff Miguel Infante lawfully earned minimum wages in contravention of the FLSA and New York Labor Law.

13. At relevant times, Defendants knowingly and willfully failed to pay Plaintiff Miguel Infante lawfully earned overtime wages in contravention of the FLSA and New York Labor Law.

14. At relevant times, Defendants knowingly and willfully failed to pay Plaintiff Miguel Infante lawfully earned "spread of hours" premium in contravention of the New York Labor Law.

15. Plaintiff, Miguel Infante, has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## STATEMENT OF FACTS

16. In or about 2006, Plaintiff, Miguel Infante, was hired by Defendants to work as a porter, general helper and food packer at Defendants' bakery known as "Prince Bakery" located at 2418 Belmont Avenue, Bronx, New York 10458.

17. Plaintiff, Miguel Infante, worked for the Defendants in the same capacity continuously between 2006 until on or about January 27, 2017.

18. During Plaintiff's employment by Defendants, he always worked over forty (40) hours per week. Prior to 2014, Plaintiff worked 11:00 p.m. through 1:00 p.m., fourteen (14) hour shifts, six (6) days per week, for a total of eighty-four (84) working hours per week.

19. Beginning in 2014, Plaintiff worked 2:00 a.m. through 12:00 p.m., ten (10) hour shifts, six (6) days per week, for a total of sixty (60) working hours per week.

20. The bakery is open twenty-four (24) hours per day, seven (7) days per week, three hundred sixty-five (365) days per year; and employs approximately twelve (12) or more non-managerial employees at any given time.

21. Plaintiff frequently worked more than ten (10) hours per shift.

22. Plaintiff was not paid minimum wages or overtime wages. Plaintiff was paid a salary of four hundred seventy-five dollars ($475.00) per week, in cash, throughout

his employment. He was not paid hourly. Work performed above forty (40) hours per week was not paid at time and one-half the statutory minimum rate of pay as required by state and federal law.

23. Plaintiff did not receive tips in connection with his work.

24. Plaintiff was always paid his wages in cash, without a receipt. He did not punch a time clock; his employer did not keep track of his working hours on a daily basis.

25. Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA minimum wage or the New York State minimum wage to the Plaintiff and other similarly situated employees.

26. Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff and other similarly situated employees either the FLSA overtime rate (of time and one-half), or the New York State overtime rate (of time and one-half), in direct violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

27. Defendants knowingly and willfully operated their business with a policy of not paying the New York State "spread of hours" premium to Plaintiff and other similarly situated employees.

28. At all relevant times, upon information and belief, and during the course of Plaintiff's employment, the Defendants failed to maintain accurate and sufficient time records.

29. Defendant, Anthony M. Rusciano, is an individual who, upon information and belief, owns the stock of Prince Bakery, owns Prince Bakery, and manages and

makes all business decisions, including but not limited to, the decisions of what salary the employees will receive and the number of hours the employees will work.

## COLLECTIVE ACTION ALLEGATIONS

30.  Plaintiff brings this action individually and as representative on behalf of himself and all other current and former non-exempt employees who have been or were employed by Defendants between March, 2014 through the date that the opt-in period expires as ultimately set by the Court (the "Collective Action Period"), and who were compensated at rates less than the statutory minimum wage, and less than time and one-half the statutory minimum wage, for all hours worked in excess of forty (40) hours per workweek (the "Collective Action Members").

31.  The collective action class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts upon which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are dozens of Collective Action Members who worked for the Defendants during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys, or knowledge of their claims. Therefore, Plaintiff submits that this matter should be certified as a collective action under the FLSA, 29 U.S.C. § 216(b).

32.  Plaintiff will fairly and adequately protect the interests of the Collective Action Members and has retained counsel that is experienced and competent in the fields of employment law and class action litigation. Plaintiff has no interests that are contrary to or in conflict with those members of this collective action.

33. This action should be certified as a collective action because the prosecution of separate actions by individual members of the class would create a risk of either inconsistent or varying adjudications with respect to individual members of the class, or adjudications with respect to individual members of the class that would as a practical matter be dispositive of the interests of the other members not parties to the adjudication, or substantially impair or impede their ability to protect their interests.

34. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

35. Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the common questions of law and fact common to Plaintiff and other Collective Action Members are:

   a. Whether the Defendants employed Plaintiff and the Collective Action Members within the meaning of the FLSA;

   b. Whether the Defendants failed to keep accurate wage and hour records for hours worked by Plaintiff and the Collective Action Members;

   c. What proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

  d. Whether the Defendants failed to pay Plaintiff and the Collective Action Members minimum wages and overtime compensation for all hours worked in excess of forty (40) hours per workweek, in violation of the FLSA and the regulations promulgated thereunder;

  e. Whether the Defendants' violations of the FLSA are willful as that terms is used within the context of the FLSA; and,

  f. Whether the Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, liquidated and statutory damages, interest, attorneys' fees, and costs and disbursements.

36. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

37. Plaintiff and others similarly situated have been substantially damaged by the Defendants' wrongful conduct.

## STATEMENT OF CLAIM

### COUNT I
### [Violation of the Fair Labor Standards Act]

38. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "37" of this Complaint as if fully set forth herein.

39. At all relevant times, upon information and belief, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff is a covered individual within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

40. At all relevant times, Defendants employed Plaintiff and the collective action members, within the meaning of the FLSA.

41. Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.

42. Plaintiff, Miguel Infante, as well as other similarly situated employees, worked hours for which he was paid no wages; and at all other times, he was paid less than the statutory minimum hourly wage.

43. At all relevant times, Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiff and similarly situated employees, for his hours worked.

44. Defendants failed to pay Plaintiff and similarly situated employees, minimum wages in the lawful amount for his hours worked.

45. Plaintiff, Miguel Infante, was entitled to be paid at the rate of time and one-half the statutory minimum for all hours worked in excess of the maximum hours provided for in the FLSA.

46. Defendants failed to pay Plaintiff and similarly situated employees, overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

47. At all relevant times, Defendants had, and continues to have a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff and similarly situated employees, for all hours worked in excess of forty (40) hours per work week, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

48. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and similarly situated employees, at the statutory minimum wage rate and the statutory overtime rate of time and one-half for all hours worked in excess of forty (40) hours per week, when they knew or should have known such was due and that non-payment of minimum wages and overtime pay would financially injure them.

49. Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

50. Records, if any, concerning the number of hours worked by Plaintiff and the actual compensation paid to Plaintiff are in the possession and custody of the Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

51. Defendants failed to properly disclose or apprise Plaintiff, Miguel Infante, of his rights under the FLSA.

52. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

53. Due to the intentional, willful and unlawful acts of the Defendants, Plaintiff suffered damages in an amount not presently ascertainable of unpaid minimum wages and overtime compensation, an equal amount as liquidated damages, and prejudgment interest thereon.

54. Plaintiff is entitled to an award of his reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

## COUNT II
### [Violation of the New York Labor Law]

55. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "54" of this Complaint as if fully set forth herein.

56. At all relevant times, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

57. Defendants knowingly and willfully violated Plaintiff's rights by failing to pay Plaintiff wages for all hours worked, and minimum wages in the lawful amount for hours worked.

58. Defendants knowingly and willfully violated Plaintiff's rights by failing to pay Plaintiff overtime compensation at rates of not less than one and one-half times the statutory minimum rate of pay for each hour worked in excess of forty (40) hours in a workweek.

59. Defendants knowingly and willfully violated Plaintiff's rights by failing to pay "spread of hours" premiums to Plaintiff for each day he worked ten (10) or more hours pursuant to New York State Department of Labor Regulations §§137-1.7; 142-2.4.

60. Due to the Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants his unpaid minimum wages, unpaid overtime wages, unpaid "spread of hours" premium, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law § 663(1) *et al.* and § 198. Plaintiff also seeks liquidated damages pursuant to New York Labor Law § 663(1).

## COUNT III
### [Statutory Penalties Pursuant to the New York State Wage Theft Prevention Act]

61. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "60" of this Complaint as if fully set forth herein.

62. Upon information and belief, Defendants' record keeping practices were intended to, and did in fact, disguise the actual number of hours the employee worked, in order to avoid paying him for his full hours worked; and, overtime due.

63. Defendants willfully disregarded and purposefully evaded record keeping requirements of the New York Labor Law by failing to maintain accurate and complete timesheets, wage notices, and payroll records.

64. Plaintiff was not provided with a proper, written notice as required by the New York State Wage Theft Prevention Act.

65. Plaintiff was not provided with weekly wage statements, as required by applicable regulations.

66. Defendants failed to comply with the notice and record keeping requirements of the New York State Wage Theft Prevention Act, and as such, are liable for civil penalties, attorneys' fees, and costs.

## PRAYER FOR RELEIF

**WHEREFORE**, Plaintiff, Miguel Infante, on behalf of himself and all similarly situated employees, respectfully requests that this Court grant the following relief:

(a) A declaratory judgment that the practices complained of herein are unlawful under the FLSA and New York Labor Law;

(b) An award of unpaid wages and minimum wages due under the FLSA and New York Labor Law;

(c) An award of unpaid overtime wages due under the FLSA and New York Labor Law;

(d) An award of unpaid "spread of hours" premium due under the New York Labor Law;

(e) An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay minimum wages and overtime compensation pursuant to 29 U.S.C. § 216;

(f) An award of liquidated damages and statutory penalties as a result of Defendants' willful failure to pay minimum wages, overtime compensation, and "spread of hours" premium pursuant to the New York Labor Law;

(g) An award of prejudgment and post-judgment interest;

(h) An award of costs and expenses associated with this action, together with reasonable attorneys' fees; and,

(i) Such other and further relief as this Court determines to be just and proper.

Dated: New York, New York
March 2, 2017

Respectfully submitted,

By: _____
Peter H. Cooper  (PHC 4714)

CILENTI & COOPER, PLLC
**Attorneys for Plaintiff**
708 Third Avenue – 6th Floor
New York, NY 10017
Telephone  (212) 209-3933
Facsimile  (212) 209-7102
pcooper@jcpclaw.com

## CONSENT TO SUE UNDER
## FAIR LABOR STANDARDS ACT

I, __Miguel Infante__, am an employee currently or formerly employed by __Prince Bakery__, and/or related entities. I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
__February 16__, 2017

*miguel INFANTE*